UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ERIC HARCEY,<br><br>                    Petitioner,<br><br>        vs.<br><br>WARDEN BRENT FLUKE, ATTORNEY<br>GENERAL FOR THE STATE OF<br>SOUTH DAKOTA,<br><br>                    Respondents. | 4:21-CV-04036-KES<br><br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the *pro se* habeas petition pursuant to 28 U.S.C. § 2254 of Eric Harcey, an inmate confined pursuant to a South Dakota state court judgment.  See Docket No. 1.  Now pending is respondents' motion to dismiss Mr. Harcey's petition without holding an evidentiary hearing. See Docket No. 8.  Mr. Harcey resists the motion.  See Docket Nos. 6 & 12. This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Court Judge.

**FACTS**

Mr. Harcey was convicted of grand theft in the Fourth Judicial Circuit, Lawrence County, and sentenced on July 31, 2009, to 15 years' imprisonment

with 10 of those years suspended.  See Docket No. 9-1 at pp. 3-4.  Mr. Harcey did not file a direct appeal.

On March 2, 2012, Mr. Harcey signed a "suspended sentence supervision agreement."  See Docket No. 9-2.  The agreement recited that the South Dakota Board of Pardons and Paroles had the authority pursuant to SDCL § 23A-27-19, upon violation of any of the conditions of Mr. Harcey's suspended sentence, to revoke the suspended portion of his sentence and impose the entire sentence.  Id.  Four months later, on July 12, 2012, Mr. Harcey escaped from prison.  See Docket No. 9-3.  He was captured and arrested four days later on July 16, 2012.  Id.

Based on Mr. Harcey's violation of the conditions of his suspended sentence, the South Dakota Board of Pardons and Paroles held a hearing on January 13, 2014, at which Mr. Harcey admitted to violating a condition of his suspended sentence.  See Docket No. 9-4.  Based upon that admission, the Board filed findings of fact and conclusions of law on January 29, 2014; finding Mr. Harcey had violated conditions of his suspended sentence, the Board had jurisdiction over Mr. Harcey and the subject matter of the proceeding and revoked the suspended portion (10 years) of his sentence and imposed the original sentence of 15 years.  Id.  Mr. Harcey did not appeal the Board's decision.

At some point, Mr. Harcey was granted parole.  He then violated his parole, and his parole was revoked.  See Docket No. 6 at p. 2.  The Board of Pardons and Paroles served Mr. Harcey with its findings of fact and

2

conclusions of law as to the parole violation in December 2019.  Id.  That

document advised Mr. Harcey of his right to appeal the Board's decision

pursuant to SDCL ch. 1-26 within 30 days.  Id.; see also Docket No. 6-1 at

p. 37 (Board order dated February 8, 2021, containing example language about

right to appeal).  Mr. Harcey alleges this is the first time he knew he had a right

to appeal the Board's decisions.  Id.  The copy of the Board's 2014 decision

supplied by respondents does not contain any advisement of the right to

pursue an appeal through SDCL ch. 1-26.  See Docket No. 9-4.  At no time did

Mr. Harcey attempt to file an appeal from the Board's 2014 decision pursuant

to SDCL ch. 1-26.

Mr. Harcey did file a state petition for habeas relief on April 21, 2020.

See Docket No. 9-5.  That petition was dismissed by the state habeas court on

November 25, 2020, due to Mr. Harcey's release from prison.[1]  See Docket

No. 9-7.  Mr. Harcey did not appeal the habeas court's dismissal of his petition.

Over two months passed.  On February 16, 2021, Mr. Harcey filed a

motion in state court to reinstate his habeas petition (see Docket No. 9-8), but

the state court denied the motion on February 17, 2021, on the basis that the

motion was untimely.  See Docket No. 9-9.  Mr. Harcey filed a motion to

reconsider before the state habeas court, which was denied by that court on

---

[1] Under South Dakota law, a habeas prisoner must be in the physical custody
of the state in order for state habeas relief to be available.  Bostick v. Weber,
692 N.W.2d 517, 520-21 (S.D. 2005).  This is different from federal law.  Under
federal law, a habeas petitioner is considered to be "in custody" for purposes of
pursuing habeas relief if the petitioner is on parole or supervised release at the
time he files his petition with the court.  Hensley v. Mun., 411 U.S. 345,
349-52 (1973); Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975).

March 1, 2021.  See Docket No. 9-10.  The state court informed Mr. Harcey it

had no jurisdiction to review decisions of the Board of Pardons and Paroles.  Id.

See SDCL § 24-15A-39 (an appeal of the board's findings must be brought in

the county where the inmate is confined).  Mr. Harcey then filed the instant

petition with this court on March 10, 2021.  See Docket No. 1.

Respondents now move to dismiss Mr. Harcey's federal habeas petition

on the grounds that it is untimely.  See Docket No. 8.  The court agrees.

## DISCUSSION

### A.    Mr. Harcey's Petition is Time-Barred

Petitions for habeas relief in federal court collaterally attacking state

court convictions are governed by the Antiterrorism and Effective Death Penalty

Act ("AEDPA").  AEDPA contains a one-year statute of limitations.  Specifically,

28 U.S.C. § 2244(d) provides in relevant part:

> **(d)**   **(1)** A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of:
>
> > **(A)** the date on which the judgment became final by
> > the conclusion of direct review or the expiration of the
> > time for seeking such review;
> >
> > **(B)** the date on which the impediment to filing an
> > application created by State action in violation of the
> > Constitution or laws of the United States is removed, if
> > the applicant was prevented from filing by such State
> > action;
> >
> > **(C)** the date on which the constitutional right asserted
> > was initially recognized by the Supreme Court, if the
> > right has been newly recognized by the Supreme Court
> > and made retroactively applicable to cases on
> > collateral review; or

4

> **(D)** the date on which the factual predicate of the claim
> or claims presented could have been discovered
> through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

See 28 U.S.C. § 2244(d)(1) and (2).

A judgment or state conviction is final, for purposes of commencing the statute of limitation period, at "either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998). The time allotted for filing a petition for writ of certiorari with the Supreme Court is ninety days. Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

The limitations period for § 2254 petitions is subject to statutory tolling. See 28 U.S.C. § 2244(d)(2). This one-year statute of limitation period is tolled, or does not include, the time during which a properly filed application for state post-conviction relief or other collateral review is pending in state court. Faulks v. Weber, 459 F.3d 871, 873 (8th Cir. 2006); 28 U.S.C. § 2244(d)(2). The phrase "post-conviction or other collateral review" in § 2254's tolling provision encompasses the "diverse terminology that different States employ to represent the different forms of collateral review that are available after a

5

conviction." <u>Duncan v. Walker</u>, 533 U.S. 167, 177 (2001).  Thus, § 2254's tolling provision "applies to all types of state collateral review available after a conviction." <u>Id</u>.

State collateral or post-conviction proceedings "are 'pending' for the period between the trial court's denial of the [post-conviction relief] and the timely filing of an appeal from it." <u>Maghee v. Ault</u>, 410 F.3d 473, 475 (8th Cir. 2005) (citing <u>Peterson v. Gammon</u>, 200 F.3d 1202, 1203 (8th Cir. 2000)); <u>see also</u> <u>Johnson v. Kemna</u>, 451 F.3d 938, 939 (8th Cir. 2006) (an application for state post-conviction review is pending until a mandate is issued).

However, state proceedings are not pending for the ninety-day period "following the final denial of state post-conviction relief, the period during which an unsuccessful state court petitioner may seek a writ of certiorari from the United States Supreme Court." <u>Jihad</u>, 267 F.3d at 805.  Additionally, "[s]tate proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed." <u>Maghee</u>, 410 F.3d at 475 (citing <u>Painter v. Iowa</u>, 247 F.3d 1255, 1256 (8th Cir. 2001)).  In short, the one-year statute of limitations begins to run after the state conviction is final, is tolled while state habeas proceedings are pending, and then begins running again when state habeas proceedings become final. <u>Curtiss v. Mount Pleasant Corr. Facility</u>, 338 F.3d 851, 853 (8th Cir. 2003).

Here, Mr. Harcey's AEDPA limitations period has long since expired.  He argues in his petition that he is attacking the authority of the Board of Pardons and Paroles to revoke his suspended sentence and impose the original

sentence. <u>See</u> Docket No. 1 at pp. 5-10. The Board's action occurred on January 13, 2014, and Mr. Harcey was given notice of such action on January 29, 2014. The time period to appeal a decision of the Board is 30 days after notice of the final decision is served (<u>see</u> SDCL § 1-26-31), so Mr. Harcey's AEDPA liminations period began to run on March 3, 2014, when the 30-day appeal period ended and the Board's decision became final. His AEDPA limitations period expired the next year on March 3, 2015. Thus, by the time he filed his § 2254 petition with this court on March 10, 2021, his AEDPA limitations period had already been expired for six years.[2]

Although the filing of a state habeas petition tolls the running of the AEDPA limitations period as described above, Mr. Harcey did not file a state habeas petition until April 21, 2020. <u>See</u> Docket No. 9-5. By that time, his AEDPA limitations period had already been expired for five years. When a state habeas petition is filed *after* the AEDPA limitations period has already expired, the state petition cannot act to toll the federal limitations period. <u>Curtiss</u>, 338 F.3d at 853 (filing of state habeas petition could not toll AEDPA limitations period where AEDPA limitations period had already expired before the filing of the state petition).

---

[2] In the event the court has misconstrued Mr. Harcey's § 2254 petition and he is really attacking his original conviction, the conclusion is the same. Mr. Harcey's original sentence became final August 30, 2009 (30 days after imposition of sentence during which he could have, but did not, appeal—SDCL § 23A-32-15). Thus, his § 2254 petition in this court would be untimely by nearly 11 years, the AEDPA limitations period having expired August 30, 2010.

**B.    Mr. Harcey is Not Entitled to Equitable Tolling**

The court notes the one-year AEDPA statute of limitations is not a jurisdictional bar.  Baker v. Norris, 321 F.3d 769, 771 (8th Cir. 2003).  The time limit is subject to equitable tolling when "extraordinary circumstances" beyond a prisoner's control make it impossible to file a petition on time.  Id.  A petitioner seeking equitable tolling must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The decision whether to equitably toll AEDPA's limitations period is a fact-intensive inquiry based upon the totality of the circumstances.  Holland, 560 U.S. at 649-50.  Equitable tolling represents "an 'exceedingly narrow window of relief.' "  Shoemate v. Norris, 390 F.3d 595, 597 (8th Cir. 2004) (quoting Jihad, 267 F.3d at 805).

Here, Mr. Harcey alleges in his petition that, at the time of his sentencing in 2009, his lawyer told him his suspended sentence could only be revoked if he failed to pay restitution; Mr. Harcey claims he did not discover the alleged illegality of the decision by the Board of Pardons and Paroles revoking his suspended sentence until December 2019, when he was served with another order from the Board revoking his parole, which contained a notice of his right to appeal.  See Docket No. 1 at pp. 9-10.[3]

---

[3] Mr. Harcey's assertion is not entirely accurate.  He alleges the Board's acts in 2014 were invalid because the Board is an executive branch agency and only the judicial branch has the power to revoke his suspended sentence.  Docket No. 1 at pp. 5-10.  Mr. Harcey does not allege *this information* was new to him in December 2019.  Rather, what he alleges is that he learned of *his right to*

"The extraordinary circumstance that prevents a petitioner from timely filing his federal application must be external to the petitioner and not attributable to his actions." <u>Johnson v. Hobbs</u>, 678 F.3d 607, 611 (8th Cir. 2012). A petitioner's *pro se* status and failure to follow the rules does not constitute extraordinary circumstances. <u>Id.</u> Nor does lack of legal knowledge. <u>Maghee</u>, 410 F.3d at 476-77; <u>Shoemate</u>, 390 F.3d at 598. Here, the absence of notice of the right to appeal *may* constitute an extraordinary circumstance; however, the court does not so hold. Mr. Harcey had seven years (2014 – 2021) during which he could have researched and discovered his right to appeal the Board's actions. Mr. Harcey was released during part of this seven-year period during which his access to libraries and computers was unfettered.

But even if the failure to notify Mr. Harcey of his right to appeal the Board's 2014 decision constituted an extraordinary reason justifying Mr. Harcey's inaction, he never explains why he waited for over a year after discovering his right to appeal to file his § 2254 petition in this court—he waited from December 2019 until March 2021. He also does not explain the delay between his "discovery" in December 2019 and the filing of his state habeas petition in April 2020, a period of four months. Mr. Harcey must show not only an extraordinary circumstance, but also that he has been pursuing his rights diligently. Under Eighth Circuit case law, he has not acted diligently.

---

*appeal* decisions of the Board in December 2019. That is distinguishable from an assertion that he did not know the factual basis for his claim in 2014.

The Eighth Circuit has found due diligence when the petitioner wrote letters to his attorney asking him to file a habeas petition, contacted the court to find out about the status of his case, sought to have his attorney removed for failure to pursue his case, and filed a *pro se* petition on the very day he discovered one had not been filed. Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016) (citing Holland, 560 U.S. at 653). There was not due diligence where a petitioner waited five months after learning grounds for habeas relief before filing a petition. Pace, 544 U.S. at 419. Nor was due diligence found where a petitioner waited nine months to file his petition. Nelson v. Norris, 618 F.3d 886, 893 (8th Cir. 2010).

In one case, where the petitioner was prevented from filing for three months due to his medical status (he was placed on suicide watch), the court held no extraordinary circumstances were shown because petitioner failed to show why he could not have filed in the nine months remaining of the limitations period. Gordon v. Arkansas, 823 F.3d 1188, 1195-96 (8th Cir. 2016).

Where a petitioner waited five years before taking action, thinking that an appellate court would appoint a lawyer for him, the petitioner failed to demonstrate due diligence. Burks v. Kelley, 881 F.3d 663, 666-67 (8th Cir. 2018). Likewise, where a petitioner mistakenly believed his attorney had filed a notice of appeal in his case, the petitioner's lack of any activity for a year was insufficiently diligent. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008).

In another case, a petitioner wrote a letter to the court six weeks before the AEDPA limitations period was going to expire, asking to speak to his public defender about some matters unrelated to filing a federal habeas petition. English v. United States, 840 F.3d 957, 959 (8th Cir. 2016).  No habeas petition was filed.  Id.  The petitioner waited another six months before filing the petition on his own.  Id.  The court held the petitioner did not act with due diligence.  Id.

Here, the facts do not support a conclusion that Mr. Harcey acted with due diligence.  He claims he found out for the first time that there was a right to appeal the Board's decision in December 2019.  But he waited four months to file a state habeas petition and 15 months to file his federal petition. Further, he never filed an appeal of the Board's decision pursuant to SDCL ch. 1-26, although he admitted he had knowledge of his right to do so in December 2019.  Thus, the court concludes he is not entitled to equitable tolling of the AEDPA limitations period because he did not act with due diligence.

**C.   Mr. Harcey's Claim Fails on the Merits**

Finally, the court also notes that, even if Mr. Harcey's petition was timely, it is without merit.  In order to be entitled to habeas relief, Mr. Harcey must demonstrate a constitutional right has been violated.  He does not even allege a constitutional violation in his petition.  What he alleges is a violation of state statute.  Docket No. 1 at p. 7.  He argues that, at the time the Board revoked his suspended sentence, it did not have authority to do so (although

Mr. Harcey appears to concede that the Board now does have statutory

authority to revoke suspended sentences).  Id.

At the time Mr. Harcey was sentenced on July 31, 2009, SDCL

§ 23A-27-19 read as follows:

> A court which may suspend sentence under § 23A-27-18 retains
> jurisdiction for the purpose of suspending any such sentence for a
> period of two years from the effective date of the judgment of
> conviction, notwithstanding the fact that the time for an appeal
> from such judgment is limited to a shorter period of time.  The
> court shall notify the attorney who prosecuted such person or shall
> notify the successor in office of such attorney at least fourteen
> days in advance of such suspension.  Such notice shall be
> provided any victim by such attorney pursuant to the provisions of
> § 23A-27-1.2.  ***Any person whose sentence is suspended
> pursuant to this section is under the supervision of the Board
> of Pardons and Paroles, except as provided in § 23A-27-18.2.
> The board is charged with the responsibility for enforcing the
> conditions imposed by the sentencing judge, and the board
> retains jurisdiction to revoke the suspended portion of the
> sentence for violation of the terms of the suspension.***

SDCL § 23A-27-19 (emphasis added).

Thus, clearly the Board of Pardons and Paroles had the statutory

authority to revoke the portion of Mr. Harcey's sentence that the circuit court

had suspended and to impose the original sentence once Mr. Harcey violated

the conditions of suspension by escaping from prison.

In Austad v. S.D. Bd. of Pardons & Paroles, 719 N.W.2d 760, 762 (S.D.

2006), a case decided *before* Mr. Harcey's original sentence was imposed,

Austad had been sentenced to 10 years in the penitentiary for grand theft and

six of those years were suspended.  While he was still serving his penitentiary

sentence, Austad—like Mr. Harcey—signed a suspended sentence supervision

agreement.  Id.  Like Mr. Harcey, Austad also violated the conditions of his

suspended sentence while still serving his time in prison and the Board revoked his suspended sentence and imposed his original 10-year sentence. Id. at 762-64.  Austad claimed his constitutional rights had been violated by the Board's actions.  Id. at 764.  The court upheld the Board's actions and rejected Austad's claim.  Id. at 766, 768-69.

The court noted its prior precedent established an inmate may have his suspended sentence revoked even if he has not signed a supervision agreement.  Id. at 768.  "[O]nce the court has committed a defendant to the executive branch of the government, namely the penitentiary, that inmate then can be released only by and, [sic] under the supervision of the Board of Charities and Corrections, even though the release results from an order of suspension. . . .  Therefore, only the Board can revoke a suspended sentence before it commences."  Id. (citation omitted) (quoting Grajczyk v. S.D. Bd. Of Pardons & Paroles, 603 N.W.2d 508, 511 (S.D. 1999) (quoting State v. Huftile, 367 N.W.2d 193, 197 (S.D. 1985))).

This was the law at the time of Mr. Harcey's 2009 sentencing.  It remained the law at the time the Board revoked his suspended sentence in 2014 because of his escape.  The facts of Mr. Harcey's case fall squarely within the holding of the Austad decision—Mr. Harcey's suspended sentence was revoked by the Board while he was still serving the un-suspended portion of his penitentiary sentence.  Therefore, like Austad, "only the Board [could] revoke [his] suspended sentence before it commence[d]."  Austad, 719 N.W.2d at 768.

13

The court concludes that, in addition to being untimely, Mr. Harcey's claim also fails on the merits.[4]

## CONCLUSION

Based on the foregoing facts, law and analysis, this magistrate judge respectfully recommends that respondents' motion to dismiss [Docket No. 8] be granted and that Mr. Harcey's § 2254 petition be dismissed without holding an evidentiary hearing.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of August, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge

---

[4] Mr. Harcey's claim is also procedurally defaulted because he did not present it to Board or to the South Dakota Supreme Court at any point and the time for doing so has now passed.  However, the court declines to elaborate on this point as respondents did not address it in their motion to dismiss.

14