UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ERIC HARCEY,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN BRENT FLUKE, ATTORNEY GENERAL FOR THE STATE OF SOUTH DAKOTA,<br><br>    Respondents. | 4:21-CV-04036-KES<br><br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION |

Petitioner, Eric Harcey, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket 1. The matter was referred to Magistrate Judge Veronica L. Duffy for a report and recommendation, and she recommended dismissing the petition for failure to file the petition within the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA). Docket 16 at 14. Harcey timely filed an objection to the report and recommendation. Docket 18. For the following reasons, the court adopts Magistrate Judge Duffy's report as supplemented herein.

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 636(b)(1), the court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. *See* Fed. R. Civ. P. 72(b)

("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

First, Harcey objects to the Report and Recommendation contending that he did not violate the conditions of his suspended sentence and as a result, the Board of Pardons and Paroles did not have the authority to revoke the suspended portion of his sentence and impose the entire sentence. Docket 18 at 1, 4-5. Harcey claims the only condition of his suspension was to pay restitution. *Id.* at 4.

The record reflects that Harcey signed a "suspended sentence supervision agreement" on March 2, 2012. Docket 9-2. The agreement stated that the South Dakota Board of Pardons and Paroles had the authority under SDCL § 23A-27-19 to revoke the suspended portion of his sentence and impose the entire sentence upon violation of any of the conditions of Harcey's suspended sentence. *Id.* at 2. Four months later, on July 12, 2012, Harcey escaped from prison. Docket 9-3. He then faced new charges of escape, burglary, and grant theft. Docket 21-5. He pleaded guilty to First Degree Burglary in exchange for dismissal of the escape and grand theft charges. Dockets 21-3, 21-6.

Harcey contends that because the conditions of his sentence only listed restitution, the commission of a felony while incarcerated is not a basis for revocation. Docket 18 at 4. But the South Dakota Supreme Court addressed this very question in *Grajczyk v. South Dakota Board of Pardons & Paroles*, 603 N.W.2d 508, 512-13 (S.D. 1999). In *Grajczyk*, the Court held that "[a] fundamental requirement of any suspended sentence or probation, whether expressly stated by the sentencing court or not, is that the defendant shall not violate the law." *Id.* at 512. Such a condition of a suspended sentence is so fundamental that any reasonable person would have been aware of the requirement. *Id.*

Harcey, simply by being an inmate at the Yankton Minimum Unit, should have been on notice that he could not commit any criminal activity, suspended sentence or not. *See id.* Harcey's conviction for First Degree Burglary violated the conditions of his suspension, and the Board's decision to revoke Harcey's suspended sentence because of that conviction was not illegal.

Second, Harcey contends that he was never advised of his right to appeal the Board's decision revoking his suspended sentence. Docket 18 at 1-3. The record reflects that in December of 2013, Harcey received written notice of his alleged suspended sentence violation. Docket 21-4. The notice stated, "[t]he Board's decision in this matter may be appealed[.]" *Id.* ¶ 4. The record reflects that Harcey did receive written notice of his right to appeal in 2013. As a result, and as Magistrate Judge Veronica Duffy thoroughly discussed, Harcey's

petition for habeas relief in federal court is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act.

Third, Harcey urges the court to equitably toll the time for filing of his federal habeas until December 13, 2019, when he "discovered" his right to appeal the Board's decision. Docket 18 at 1. But Harcey had access after he escaped but prior to 2018 to the law library at the State Penitentiary, to an attorney and a paralegal who were available to assist inmates prior to 2018, and to a personal tablet with full access to Lexis Nexis after 2018. Docket 21 at 6. He was given written notice of his right to appeal in 2013. Docket 21-4. Then, after he claims he discovered the right to appeal on December 13, 2019, he waited four more months to file his state habeas action, then three more months to draft his Notice of Appeal, and another four months after the dismissal of his state habeas to file this federal habeas petition. *See* Dockets 1, 9-7, 21-7, 21-8.

The law permits federal tolling of the statute of limitations only to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. 2244(d)(1)(D). "[But] a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal citation and quotations omitted). The Eighth Circuit Court of Appeals has applied the holding in *Holland* and found that a counsel's miscalculation of a filing deadline is a

"garden variety claim" of neglect that does not warrant equitable tolling. *Rues v. Denney*, 643 F.3d 618, 622 (8th Cir. 2011).

Here, Harcey delayed in bringing his claims even after the date he allegedly learned of his right to appeal. He has not shown that he was acting diligently in bringing his claims. Additionally, Harcey has not shown that an extraordinary circumstance stood in his way and prevented timely filing. As a result, the court denies Harcey's request to equitably toll the claim.

## CONCLUSION

This court has reviewed Magistrate Judge Duffy's report and recommendation de novo and Harcey's objections. This court adopts the report and recommendation and dismisses Harcey's petition for relief with prejudice.

Furthermore, based upon the reasons stated and under Fed. R. App. P. 22(b), the court finds that petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Thus, it is ORDERED

1. That the report and recommendation (Docket 16) is adopted in full as supplemented herein.
2. Harcey's objections to the report and recommendation (Docket 18) are overruled.
3. Respondents' motion to dismiss (Docket 8) is granted. Harcey's pro se petition for habeas corpus (Docket 1) is denied with prejudice.
4. A certificate of appealability is denied.

Dated December 28, 2021.

                              BY THE COURT:

                              */s/ Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE